**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
BRADLEY GOZA,                        )
                                     )
              Plaintiff,             )
                                     )
         v.                          )    No. CIV-05-385-S
                                     )
MICHAEL WALSH, T.J. WHITE, and       )
Others, names unknown, Deputies,     )
                                     )
              Defendants.            )
```

### ORDER

Before the court for its consideration is the Defendants' Motion to Dismiss. The court rules as follows on the motion.

Plaintiff filed his original complaint in this court on September 19, 2005. On this same date, plaintiff filed a Motion to Proceed in Forma Pauperis. On September 27, 2005, an order was entered granting the Motion to Proceed in Forma Pauperis. On December 21, 2005, Defendants Walsh and White filed a Motion to Dismiss. Plaintiff filed a response February 8, 2006.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Federal Correctional Complex in Forrest City, Arkansas.

Plaintiff has filed this 42 U.S.C. Sec. 1983 action alleging his 1976 Champion motor home was illegally seized during a search of the home in which he was living. Defendants' motion argues the plaintiff does not have standing to bring this action. Defendants argue plaintiff did not own the motor home which he alleges was illegally seized.

1

Defendants argue according to registration records the home is owned by plaintiff's mother, Brenda Lilley.  Defendants also argue the motor home was seized pursuant to a valid search warrant. Plaintiff responds by arguing he is the owner of the home.  He argues that he bought the mobile home located in Oklahoma while living in another state.  His mother had to move the motor home and it had no tag.  He claims she tagged the motor home so she could drive it to her home legally.  Plaintiff presents a Bill of Sale reflecting that his mother gave him the motor home as a gift.  He also presents affidavits from various individuals stating he is the owner of the motor home.

Plaintiff is attempting to challenge the seizure of his motor home in this 42 U.S.C. Sec. 1983 action.  The court is uncertain for what crime plaintiff is currently serving time.  Regardless, plaintiff cannot challenge a seizure in a civil rights action. This must be challenged as part of the criminal proceeding from which the seizure occurred.  Further, if plaintiff is serving time for the crime for which this seizure is associated, this lawsuit would also be improper.  It is well settled law when judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Plaintiff has not set forth facts showing the invalidity of his underlying conviction.  Accordingly, defendants' motion to dismiss is hereby **GRANTED** and all other motions currently pending are deemed moot.

**IT IS SO ORDERED** this 3rd day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma